IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00653-RTG
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

ANGELA CZUBATIUK,

      Plaintiff,

v.

PARKER POLICE, and
DOUGLAS CO JAIL,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Angela Czubatiuk, is at Peak View Behavioral Health in Colorado Springs, Colorado. On February 17, 2026, Plaintiff submitted to the Court *pro se* a Complaint (ECF No. 1).[1] The clerk of the court has opened a new civil rights action.

Plaintiff's intentions are unclear. She may be attempting to challenge the legality of her detention or a state court conviction under the federal habeas corpus statutes. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system.

1

proceedings, . . . are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). On the other hand, if Plaintiff wishes to challenge the conditions of her confinement, or assert other civil rights claims, she must seek relief pursuant to 42 U.S.C. § 1983. *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Plaintiff is directed to cure the following deficiencies if she wishes to pursue any claims in this action. Any papers filed in response to this order must be labeled with the civil action number identified on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  X        is not submitted
(2)  __        is missing the first page containing the case caption information
(3)  X        is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (if asserting civil rights claims)
(4)  X        is missing certificate showing current balance in prison account (for habeas corpus claims)
(5)  __        is missing required financial information
(6)  X        is missing authorization to calculate and disburse filing fee payments (if asserting civil rights claims)
(7)  __        is missing an original signature
(8)  __        is not on proper form
(9)  __        names in caption do not match names in caption of complaint, petition or habeas application
(10) X        other: Plaintiff may pay the $405.00 filing fee applicable to civil rights actions or the $5.00 filing fee for a habeas corpus action instead of submitting a properly supported § 1915 motion.

**Complaint, Petition, or Application**:
(11)  __        is not submitted

2

(12) <u>X</u>    <u>is not on proper form (Plaintiff must submit her claims on the court-approved Prisoner Complaint form (if asserting civil rights claims) or on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (if she is seeking immediate or earlier release from custody)</u>

(13) __    is missing an original signature

(14) __    is missing page nos.

(15) __    uses et al. instead of listing all parties in caption

(16) __    names in caption do not match names in text

(17) __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application

(18) __    other:

Accordingly, it is

ORDERED that Plaintiff shall cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize (with the assistance of a case manager or the facility's legal assistant) the appropriate Court-approved forms as follows: (1) Prisoner Complaint and Prisoner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (<u>for a civil rights action</u>); or (2) Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 or § 2254, and Prisoner' s Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (<u>for a habeas corpus action</u>). The forms and the applicable instructions are available from the Court's website at www.cod.uscourts.gov. <u>Plaintiff shall notify the Court promptly if she is unable to obtain copies of the necessary forms</u>. It is

FURTHER ORDERED that if Plaintiff fails to cure all designated deficiencies by the deadline, this action may be dismissed without further notice. The dismissal shall be without prejudice.

3

DATED February 19, 2026.

BY THE COURT:

*Richard T. Gurley*

_____
Richard T. Gurley
United States Magistrate Judge